ELLEN McNAMARA, PLAINTIFF-RESPONDENT, v. METRO-POLITAN LIFE INSURANCE COMPANY, A CORPORA-TION, DEFENDANT-APPELLANT.

Submitted October 6, 1936—Decided November 18, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Perkins, Drewen & Nugent* (*John Drewen,* of counsel).

For the plaintiff-respondent, *Andrew J. Markey.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought by the beneficiary of the insured to recover upon two policies, issued by the defendant insurance company, for additional amounts claimed to be due under the additional death benefit provision of the policies.

The provisions of the policies in question, in so far as they are now pertinent, read:

"Upon receipt of due proof that the insured * * * has sustained, after the date of this Policy, bodily injuries, solely through external, violent and accidental means, resulting directly and independently of all other causes, in the death of the Insured within ninety days from the date of such bodily injuries while this Policy is in force, * * * the Company will pay in addition to any other sums due under this Policy and subject to the provisions of this Policy an Accidental Death Benefit equal to the face amount of insurance then payable at death * * *. No Accidental Death Benefit will be paid if the death of the Insured is the result of self-destruction, whether sane or insane, nor if death is caused or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity * * *."

The trial judge, sitting without a jury, entered judgment for the plaintiff.

The sole specification of alleged error is that "the trial judge erroneously denied defendant's motion made at the conclusion of the entire case for a direction of a verdict in its favor."

Now when that motion was made the evidence tended to show the following matters of fact: The insured at the time of his death was about sixty years of age. On July 15th, 1934, the body of the insured was found in the water at or near the bank of the Hackensack river. Almost immediately thereafter the chief of police of Secaucus and Dr. Leonard Kimmel, a physician connected with the Secaucus General Hospital, were called to the scene. They found the body fully clothed, with the exception of shoes and stockings, and the clothing and the body wet. Resuscitation methods used

in drowning cases were applied for forty minutes by Dr. Kimmel, and thereafter the doctor pronounced the insured dead. The doctor testified that for a month prior to the insured's death he had attended the insured, and at that time found him suffering from a "weakening of the musculature of the heart," and kindred troubles such as "start about the age of fifty." He further testified that during his examination of the wet body, and in his attempt at resuscitation, there was no indication of any superficial wounds or abrasions, but that a froth came out of the mouth such as would not be seen in cases which had not been in the water. After forty minutes of resuscitation effort the doctor pronounced the body dead. Soon thereafter the body was examined by Dr. Manuel Hernandez, the assistant county physician. This doctor testified "this man had been in the water and apparently drowned in the water." He then wrote a death certificate in which he declared that it was a case of "accidental drowning."

The defendant's motion for a direction of a verdict was based upon the assertion that there was no evidence that "the death was caused by external, violent and accidental means, directly and independently of all other causes."

We believe that the motion was properly denied. It ignored the rule that "in passing upon a motion for the direction of a verdict the court must take as true all evidence which supports the view of the party against whom the motion is made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor." *Andre* v. *Mertens,* 88 *N. J. L.* 626.

Now in the case at bar the defendant expressly admitted that "there is no contention that the death was suicidal." It seems to be argued, however, that the insured was not drowned. The answer to that contention is that the evidence clearly justifies the inference that the insured was drowned. The defendant on this phase of the case relies upon the case of *Shopp* v. *Prudential Insurance Co.,* 115 *N. J. L.* 162. But that case is not in point. There, the uncontradicted evidence was that the death was not caused by drowning. Not so here. It is also argued that if it was a case of drowning

it was not accidental drowning. But that was at least a jury question. The evidence justifies the inference of accidental drowning. There was no evidence of a natural cause of death. Lastly, the defendant suggests that the death may have been the result of heart trouble. The answer to that is that there is no evidence—certainly no conclusive evidence—to support such suggestion, but on the contrary the evidence furnishes ample support for the conclusion of the trial judge that it was a case of accidental drowning.

Of course such evidence which amply supports the inference of accidental drowning likewise justifies the conclusion that death was caused by external, violent and accidental means, directly and independently of all other causes within the terms of the policies, and hence the motion for a direction of a verdict for the defendant was properly denied.

The judgment below will be affirmed, with costs.